**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| **Plaintiff,** | : | **Case No. 2:22-cr-157(1)** |
| | : | |
| v. | : | **Judge Algenon L. Marbley** |
| | : | |
| ISABEL ODIR CASTELLANOS, | : | |
| | : | |
| **Defendant.** | : | |

## OPINION & ORDER

This matter is before the Court on Defendant Isabel Odir Castellanos' *pro se* Motion for

Sentence Reduction. (ECF No. 366). For the following reasons, Castellanos' Motion is **DENIED**.

### I.    BACKGROUND

Isabel Odir Castellanos was the business owner of a transportation company and a semitruck

driver who traveled across the United States frequently. From July 2021 until June 6, 2022, he

transported narcotics from Los Angeles, California to Columbus, Ohio via semitruck, becoming a

source for cocaine, methamphetamine, heroin, marijuana, and fentanyl in central Ohio. He also

directed his girlfriend to participate in this drug trafficking. (ECF No. 222 ¶¶ 41–42).

On June 9, 2022, the Government brought a criminal complaint against Castellanos,

charging him with conspiracy to possess with the intent to distribute 400 grams of fentanyl in

violation of 21 U.S.C. § 846. (ECF No. 1 at 1). A grand jury subsequently returned an indictment

against Castellanos and ten other individuals in August 2022 for the same charge, adding a violation

for conspiracy to distribute and possess with the intent to distribute 500 grams or more of a mixture

containing methamphetamine. (ECF No. 33 at 1–2). Castellanos pleaded guilty on February 3,

2023, and on June 21, 2023, the Court sentenced him to a term of 252 months' imprisonment

1

followed by 60 months' supervised release for the fentanyl conspiracy count. (ECF Nos. 150; 246 at 1–3).

On December 9, 2025, Castellanos moved the Court to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A) and Amendment 814, seeking compassionate release. (ECF No. 366 at 2). Claiming to have satisfied the administrative exhaustion requirement, Castellanos provides three reasons why he should be released: (1) he "has been incarcerated for several years of his sentence"; (2) he "received an unusually long sentence for his participation"; and (3) he "has a record of rehabilitation showing that, if released, he is no danger to the public." (*Id.* at 3). He also requests the Court appoint counsel to aid him in post-conviction proceedings. (*Id.* at 8, 10).

The Government opposed this request for relief on January 6, 2026, (ECF No. 367), and Castellanos did not file a reply in support of his motion. The motion is ripe for review.

## II.  LAW & ANALYSIS

The Court first considers whether Castellanos has made a sufficient showing of extraordinary or compelling reasons warranting compassionate release, before considering his request for appointed counsel.

### A.  Compassionate Release

A sentencing court "may reduce the term of imprisonment" by granting compassionate release upon a defendant's motion following "the lapse of 30 days from the receipt of [defendant's] request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). For defendants under age 70 who have administratively exhausted their remedies, *see United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020), the court must: (1) find that "extraordinary and compelling reasons warrant such a reduction" in the term of imprisonment; (2) consider the applicable sentencing factors that are set forth in 18 U.S.C. § 3553(a); and (3) determine that "such a reduction is consistent with

applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A)(i); *United States v. Bricker*, 135 F.4th 427, 433 (6th Cir. 2025).

These requirements are necessary prerequisites, and the defendant's failure to satisfy any of the three is alone sufficient for denial. Where the defendant fails to satisfy a prerequisite, the court "do[es] not need to address the others." *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). And even when all conditions are met, the district court maintains discretion to grant or deny a motion for compassionate release. *United States v. Jones*, 980 F.3d 1098, 1101–02, 1106 (6th Cir. 2020) ("[T]he compassionate release decision is discretionary, not mandatory.").

### 1. Administrative Exhaustion

Castellanos must first exhaust his administrative remedies before he may request compassionate release from the Court. He claims to have done so, though he does not submit proof of this fact. Thus, the Court cannot ascertain whether he has met his burden to exhaust his administrative remedies fully, as it is unclear whether Castellanos "provided the Bureau of Prisons with the opportunity to consider [his] arguments prior to seeking compassionate release." *United States v. Ventura-Santos*, 2026 WL 1481298, at *2 (May 27, 2026) (Marbley, J.) (cleaned up) (collecting cases). Because the Government does not challenge that Castellanos has exhausted his administrative remedies, however, (*see* ECF No. 367 at 4–5, 7–10), the Court will presume for the sake of argument that this requirement is satisfied. *See Alam*, 960 F.3d at 833 (courts are only bound by this claim-processing rule when administrative exhaustion is "properly asserted and not forfeited").

### 2. Basis for Relief

Even assuming that Castellanos provided detailed reasons to the Bureau of Prisons as to why he should be granted compassionate release, and thus satisfied the administrative exhaustion

requirement, his Motion fails to provide a sufficient basis for such relief to the Court.  Castellanos premises his Motion on Amendment 814 to the United States Sentencing Guidelines, arguing that his 252-month term of imprisonment was "unusually long."  (ECF No. 366 at 2).  His argument is unavailing.

United States Sentencing Guidelines § 1B1.13 provides a policy statement regarding the reduction of a term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).  Amendment 814 modified U.S.S.G. § 1B1.13 in several ways, including by adding a provision for unusually long sentences. U.S.S.G. Appendix C, Amend. 814 (eff. Nov. 1, 2025).  That provision states:

> UNUSUALLY LONG SENTECE.—If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. §1B1.13(b)(6) (eff. Nov. 1, 2025).  This provision is inapplicable to Castellanos by its plain terms, as the Government correctly points out.  (ECF No. 367 at 8–9).  Castellanos has been imprisoned for less than 3 years of his sentence—far less than the required 10 years it would take for him to become eligible for compassionate release under this policy statement.

Castellanos, as a prisoner seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A), "bears the burden of establishing an extraordinary and compelling reason for release." *United States v. Gordon*, 2024 WL 1005772, at *2 (6th Cir. Mar. 4, 2024) (citing *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021)).  Although he is a prisoner litigant seeking relief *pro se*, and thus is entitled to some leeway when seeking relief in federal court, *cf. United States v. Ninety Three Firearms*, 330 F.3d 414, 427–28 (6th Cir. 2003) (recognizing that prisoner litigants "often have little choice in proceeding on their own behalf"), he still has to show "the existence of extraordinary and

4

compelling reasons justifying compassionate release." *United States v. Neidik*, 2026 WL 775560, at *2 (S.D. Ohio Mar. 19, 2026) (Marbley, J.). He has not done so, because he is plainly ineligible for the relief he seeks.

### B. Appointment of Counsel

Contained within Castellanos' motion is a request for court-appointed counsel. Castellanos requests counsel because he believes that he needs help "briefing the application of Amendment 814" and obtaining documents from the Bureau of Prisons. (ECF No. 366 at 8, 10). The Court considers this request to be separate and distinct from the rest of Castellanos' *pro se* Motion, as it appears Castellanos contemplates bringing a renewed motion should he obtain legal counsel.

The Constitution enshrines the right of the accused to legal representation, providing that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." U.S. Const. amend. VI. This protection covers all "critical stages" of the criminal process. *United States v. Wade*, 388 U.S. 218, 224 (1967). In *Pennsylvania v. Finley*, the United States Supreme Court clarified that "the right to appointed counsel extends to the first appeal of right, and no further." 481 U.S. 551, 555 (1987). Thus, indigent criminal defendants do not have a constitutional right to counsel in post-conviction proceedings generally. *See id.* at 554–55; *United States v. Volkman*, 2022 WL 3220098, at *6 (S.D. Ohio Aug. 9, 2022) (Dlott, J.). Instead, if the Court determines that either due process or the interests of justice so require, the Court may appoint counsel for an indigent criminal defendant who seeks post-conviction relief. *Cf. Rogers v. Skipper*, 811 F. App'x 986 (6th Cir. 2020) (per curiam) ("The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require."). Otherwise, "there is no constitutional (or statutory) right to appointed

counsel in § 3582(c) proceedings." *United States v. Manso-Zamora*, 991 F.3d 694, 969 (6th Cir. 2021) (per curiam).

Castellanos "filed an intelligible *pro se* motion for compassionate release," demonstrating that the appointment of counsel is not warranted here. *United States v. Curney*, 581 F. Supp. 3d 910, 912 (E.D. Mich. 2022). Indeed, "seeking compassionate release does not involve complex facts or legal doctrines," *id.*, and Castellanos' motion demonstrates his capacity to engage with, analyze, and reason from case law.[1] (*See* ECF No. 366 at 3–7). Because there is no indication that either the interests of justice or due process would require the appointment of counsel based on the circumstances of this case, *see Adkins v. Jeffreys*, 2005 WL 8159607, at *2 (S.D. Ohio Dec. 6, 2005) (Marbley, J.), the Court will not appoint counsel to aid Castellanos in seeking a sentence reduction.

## III.    CONCLUSION

For the foregoing reasons, Castellanos' Motion for Sentence Reduction (ECF No. 366) is **DENIED WITHOUT PREJUDICE**. To the extent that Castellanos' Motion requests Court-appointed counsel for his post-conviction proceedings, that request is also **DENIED**.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED:  May 29, 2026**

---

[1] Castellanos argues certain cases involved similarly-situated defendants for the purposes of an 18 U.S.C. § 3553(a)(6) analysis. (ECF No. 366 at 3). The Court does not reach that analysis, because Castellanos has failed to provide a basis for compassionate release. *See Elias*, 984 F.3d at 519.

6